FRANCISCO GAMBOA V. STATE.

No. 2373.   Decided March 26, 1913.

**1.—Fraudulent Conversion—Reproduction of Testimony—Impeachment.**

In the absence of a proper predicate, it was error to reproduce the testimony of an absent witness; besides, the testimony was not of an impeaching character and should not have been admitted for that purpose.

**2.—Same—Evidence—Rebuttal.**

Where, upon trial of fraudulent conversion of a horse, the defendant sought to meet the testimony of the alleged owner that he had inquired about his horse by showing that he had not made such inquiry, he should have been permitted to do so.

Appeal from the District Court of Hidalgo.   Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of fraudulent conversion of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for the fraudulent conversion of a horse obtained by him under a contract of borrowing as alleged in the indictment.

The State's contention is that appellant borrowed the horse from Villareal, and under an understanding with Villareal that he was to use the horse for three or four days, or a few days. It is further

shown by the State that appellant had had the horse several months when he sold him. Appellant's theory is that he purchased the horse from Villareal, paying him $35 as a consideration. After the sale of the horse appellant was arrested charged with theft by conversion. Without going into the bills of exception seriatim, they present two leading questions: First, that the State was permitted to reproduce testimony of a witness named Vasquez without laying the predicate for reproducing the testimony by showing he was dead or absent from the State; second, appellant was refused testimony intended to meet the testimony of Villareal to the effect that he, Villareal, inquired about his horse only to ascertain where it was, either or both.

In regard to the first proposition, the State contends that the testimony of Vasquez was introduced for the purpose of impeaching the defendant who testified in his own behalf. Appellant did testify, and among other things, stated that at the time he bought the horse from Villareal the absent witness Vasquez was present and knew of the trade. On the examining trial Vasquez testified and used about this language, that he knew nothing about the case. The testimony consists of but a few lines, and details of the transaction were not gone into, and in fact he seems not to have been asked in regard to the sale. His testimony, as before stated, is that he knew nothing about the case. This testimony did not impeach the defendant. If Vasquez had been there and testified as he did in the examining trial that he knew nothing about the case, and would have further testified that he did not know of the sale, was not present, nor saw the sale, it would have been but contradictory of the defendant's testimony, and not an impeachment of defendant's testimony. Again, it was not permissible to use the absent witness' testimony unless a proper predicate had been laid and the witness shown to have been dead or beyond the jurisdiction of the court. The State did not lay the predicate in any way or undertake to do so in order to reproduce the testimony of the witness.

In regard to the second proposition, we are of opinion that appellant was entitled to show, as he offered to do by the sheriff, if not others, that Villareal did not inquire of them in regard to defendant or his horse, or ask the sheriff to investigate the matter and find the defendant. The sheriff would be naturally the man of all others, he being the sheriff, to whom Villareal should have gone to ascertain the location of his horses and the defendant, and the arrest of defendant if in fact he converted the horses. This would seem to be made stronger by reason of the fact that it had been several months after appellant had obtained possession of the horses before appellant sold it or he was sought or arrested. Villareal's discovery came very suddenly after he had sold the horse, only being a very short time, a few days at most. Villareal testified he had made such inquiries.

For these reasons this judgment is reversed and the cause remanded.

*Reversed and remanded.*